# Court of Appeals
# of the State of Georgia

ATLANTA,  January 13, 2025

*The Court of Appeals hereby passes the following order:*

**A24A1287.  PERDUE v. THE STATE.**

This is an appeal from the trial court's denial of appellant Freddie Perdue's motion to withdraw his guilty plea. The record shows that in March 2019, shortly after the entry of judgment, Perdue, whose plea counsel had not withdrawn, filed a timely but pro se motion to withdraw the plea. In April 2021, new counsel filed motions for an out-of-time appeal and to withdraw the plea. The trial court found that the pro se motion was a "nullity" and dismissed the counseled motion as untimely. See, e.g., *Dos Santos v. State*, 307 Ga. 150, 160 (6) (834 SE2d 733) (2019) (vacating order on counseled defendant's pro se motion to withdraw pleas because the motion was a "nullity").

After the trial court's ruling, the Supreme Court of Georgia issued its decision in *Johnson v. State*, 315 Ga. 876 (885 SE2d 725) (2023), overruling cases including *Dos Santos*. Id. at 890 (3), n. 11. The Court vacated a trial court's dismissal of a pro se notice of appeal and remanded for the trial court to make a discretionary determination as to whether the defendant was entitled to "hybrid representation." Id. at 890 (4) (trial court has "the discretion to recognize a timely and otherwise procedurally proper pro se filing made by a defendant who is still formally represented by counsel"); see also id. at 877 ("Given the logistical and legal problems hybrid representation can cause," the Supreme Court "expect[s] that courts will exercise [the] discretion [to allow hybrid representation] only rarely, as when trial counsel has failed to act within the prescribed time period to preserve the defendant's right to

appeal").

As the State concedes, a remand is appropriate in this case because the trial court did not have the benefit of our Supreme Court's decision in *Johnson* at the time it made its ruling. We therefore VACATE the dismissal of Perdue's motions to withdraw and REMAND WITH DIRECTION that the trial court reconsider its ruling in light of that decision and the record. Perdue shall have 30 days to appeal from the new ruling. OCGA § 5-6-38 (a).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, __01/13/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*